

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Monee Takla Hanna (SBN 259468)
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499
monee.hanna@nelsonmullins.com

John Q. Lewis (admitted *pro hac vice*)
Rachel N. Byrnes (admitted *pro hac vice*)
1100 Superior Ave., Suite 2000
Cleveland, Ohio 44114
Telephone: 216.304.6104
Facsimile: 216.553.4275
john.lewis@nelsonmullins.com
rachel.byrnes@nelsonmullins.com

Attorneys for Defendant
DECKERS OUTDOOR CORPORATION d/b/a HOKA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CZERWIEN and GEORGE ATTIA, KAREN BUNKER, and GEORGE ADAMS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DECKERS OUTDOOR CORPORATION D/B/A HOKA,<br><br>　　　　Defendant. | Case No.: 2:25-cv-09654-SVW-AYP<br><br>Honorable Stephen V. Wilson<br><br>[~~PROPOSED~~] **STIPULATION REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND PAPER DOCUMENTS**<br><br>Complaint Filed: September 9, 2025 |

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

This Stipulation Regarding Production of Electronically Stored Information ("ESI Protocol") shall govern the parties in the above-captioned case (the "Litigation").

## I.   GENERAL PROVISIONS

    **A.** **Applicability:** This Stipulation and Order will govern the production of computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, cloud storage, backups, archives, disks, tape or other real or virtualized devices or media ("ESI") and the production of paper documents.

    **B.** **Cooperation:** The parties shall cooperate to identify and facilitate, to the extent possible, access to the contents of encrypted, password-protected, corrupted or difficult-to- access files produced. The parties will work cooperatively to negotiate reasonable, precise and cost-effective culling strategies. Parties are obliged to be forthcoming and transparent in disclosing their use of mechanized tools to cull responsive data and encouraged to bring technically-adept personnel together to resolve e-discovery issues.

    **C.** **ESI Liaison Teams**

        1.  **Designation:** Each party agrees to designate an ESI Liaison Team (consisting of one attorney and one specialist) within 2 days after entry of this Stipulation and Order. Any party is free to change their designated ESI Liaison Team by providing written notice to the other parties.

        2.  **Duties of ESI Liaison Teams:** Each ESI Liaison Team will be prepared to participate in the resolution of ESI discovery issues; familiar with the party's electronic

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

systems and capabilities in order to explain these systems and answer relevant questions; knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues; prepared to participate in e-discovery dispute resolutions; know the party's ESI discovery efforts; and have access to those who are familiar with the party's electronic systems and capabilities in order to, as appropriate, answer relevant questions.

3. **ESI Issue Resolution:** Each ESI Liaison Team agrees to acknowledge receipt of an ESI-related inquiry from another ESI Liaison Team regarding an ESI issue within a reasonable time, not to exceed one (1) week. The ESI Liaisons agree to work collaboratively regarding any issues to resolve issues in good faith and provide timely and adequate explanations regarding any issues that arise.

D. **Production Media & Protocol:** The production media for document productions that do not exceed 5 GB shall be secure FTP link provided via email at the time a production letter is emailed, unless the parties agree otherwise. On the occasions when a particular document production exceeds 5 GB, the production media may be an encrypted external hard drive (with standard PC compatible interface), or USB drive, so long as such production media is sent no slower than overnight delivery via FedEx, UPS, or USPS. Each item of production media (or in the case of FTP productions, each production transmittal letter) shall include: (1) text referencing that it was produced in this matter; (2) the type of materials on the media (e.g., "Documents," "OCR

3

Text," "Objective Coding," etc.); (3) the production date; and (4) the Bates number range of the materials contained on such production media item. The ESI Liaison Teams shall designate the appropriate physical address for productions exceeding 5 GB that are produced on physical media.

E.    **Definitions**

1.    **"Electronically stored information"** or **"ESI,"** as used herein, means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, cloud storage, backups, archives, disks, tape or other real or virtualized devices or media. Non-limiting examples of ESI include:

- *Digital communications (e.g., e-mail, voice mail, text messaging, and instant messaging (e.g., Slack or Teams to the extent applicable));*
- *E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);*
- *Word processed documents (e.g., Word or WordPerfect files and drafts);*
- *Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);*
- *Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);*
- *Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);*
- *Sound Recordings (e.g., .WAV and .MP3 files);*
- *Video and Animation (e.g., .AVI and .MOV files);*
- *Databases (e.g., Access, Oracle, SQL Server data,*

4

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

*SAP);*

- *Contact and Relationship Management Data (e.g., Outlook, ACT!);*
- *Calendar and Diary Application Data (e.g., Outlook PST, blog entries);*
- *Online Access Data (e.g., Temporary Internet Files, History, Cookies);*
- *Presentations (e.g., PowerPoint, Corel Presentations)*
- *Network Access and Server Activity Logs;*
- *Project Management Application Data; and*
- *Computer Aided Design/Drawing Files.*

2. **"Metadata"** means and refers to information about information or data about data, and includes without limitation (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

3. **"Static Image"** means or refers to a representation of ESI produced by converting a native file into a standard image format capable of being viewed and printed on standard computer systems.

/ / /

5

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

II.    **GENERAL PRODUCTION FORMAT PROTOCOLS**

A.    **TIFFs:** All production images will be provided as single page Group IV TIFFs of at least 300 dpi resolution. Page size shall be 8.5 x 11 inches unless in the reasonable judgment of the producing party, a particular item requires a different page size. Each image will use the Bates number of the first page of the document as its unique file name. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). Hidden content, tracked changes or edits, comments, notes and other similar information viewable within the native file shall also be imaged so that this information captured on the produced image file.

B.    **Text Files:** Each paper document or ESI item produced under this order shall be accompanied by a text file as set out below. All text files shall be provided as a single document level text file for each item, not one text file per page. Each text file shall be named to use the Bates number of the first page of the corresponding production item.

1.    **OCR:** Paper documents will be accompanied by an OCR file. The parties will endeavor to generate accurate OCR and will utilize quality OCR processes and technology. The parties acknowledge, however, that due to poor quality of the originals, not all documents lend themselves to the generation of accurate OCR. OCR text files should indicate page breaks where possible. In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (i.e., paper documents should be logically

6

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

unitized). Parent-child relationships (the association between attachments and their parent documents) shall be preserved. In the case of an organized compilation of separate documents -- for example, a binder containing several separate documents behind numbered tabs -- the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the beginning and ending document and attachment fields. Original document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape). When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing", "autorotation" and the like should be turned on when documents are run through the process.

2. **ESI:** Emails and efiles will be accompanied by extracted text taken from the ESI item itself.

C. **Bates Numbering**

1. **Formatting:** All images must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length (0- padded) across the entire production; (3) contain no special characters or embedded spaces; and (4) be sequential within a given document. The producing party will brand all TIFF images in the lower right-hand corner with its corresponding bates number, using a consistent font type and size. The Bates number must not obscure any part of

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

the underlying image. If the placement in the lower right-hand corner will result in obscuring the underlying image, the Bates number should be placed as near to that position as possible while preserving the underlying image.

2. **Skipping:** If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production.

D. **Parent-Child Relationships:** Parent-child relationships (the association between an attachment and its parent document) that have been maintained in the ordinary course of business should be preserved. For example, if a party is producing a hard copy printout of an e-mail with its attachments, the attachments should be processed in order behind the e-mail.

E. **Load Files:** All production items will be provided with a delimited data file or "load file." Acceptable formats for the load file are .log, .opt, .dii, .lfp, .dat, or .csv. Each party will designate its preferred load file format. The load file must reference each TIFF in the corresponding production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load files in the production. Each deliverable volume should limit directory contents to approximately 10,000 files per folder.

F. **Color:** Documents or ESI containing color need not be produced initially in color. However, if an original document or ESI item contains color markings and it is necessary to see those markings in their original color to understand the meaning or content of the

8

document, then the receiving party may, in good faith, request that the document or ESI item be produced in its original colors, and such a request will not be unreasonably denied by the producing party. The production of documents and/or ESI in color shall be made in TIFF format or in an alternative format, such as single page JPEG format, that provides sufficient quality for the review of these documents and/or ESI. All requirements for productions stated in this Stipulation and Order regarding productions in TIFF format would apply to any productions of documents and/or ESI in color made in such an alternative format.

G. **De-duplication:** The parties may de-duplicate e-mails across custodians. For clarity, no party should de-duplicate any emails unless they are identified as "family-level hash duplicate." In addition, in order to reduce unnecessary volume in the review and production of e-mails, the parties may utilize e-mail threading, which means in instances in which a group of e-mails are captured in an e-mail string, only the latest e-mail in the string will be produced along with all attachments included in the e-mail string. The threading process shall not eliminate or suppress instances where earlier e-mails in the string were used to create separate threads outside of the original sender and recipient group; for example, threading may not be used to eliminate or suppress production of an e-mail in the middle of a thread that was forwarded to another recipient. E-mails containing unique attachments not otherwise contained in the inclusive email shall also be produced along with their parent email. E-mails suppressed under this paragraph need not be reflected on the Party's privilege log.

9

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

H.    **Confidentiality Designations:** If a particular paper document or ESI item qualifies for confidential treatment pursuant to the terms of a Protective Order entered by the Court in the Litigation, or has been redacted in accordance with applicable law or Court order, the designation shall be shown both on the face of all TIFFs pertaining to such item/document, and in the appropriate metadata field in the load file.

III.    **FORMAT OF PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

A.    **Metadata Fields and Processing:**

1.    **Auto date/time stamps:** ESI items shall be processed so as to preserve the date/time shown in the document as it was last saved, not the date of collection or processing.

2.    **Fields:**  No Party has an obligation to create or manually code metadata fields that are not automatically generated by the processing of the ESI, that do not exist as part of the original metadata of the document, or that would be unduly burdensome or costly to obtain.  To the extent they are reasonably available and contain non-privileged information, the Parties shall provide the metadata fields associated with each document produced as provided in Appendix A.

B.    **Production of Native Items:** The parties agree that ESI shall be produced as TIFFs with an accompanying load file. The exception to this rule shall be presentation-application files (e.g., MS PowerPoint), spreadsheet-application files (e.g., MS Excel), personal databases (e.g., MS Access), and multimedia audio/visual files such as voice and video recordings (e.g., .wav,

10

.mpeg, and .avi), for which all ESI items shall be produced in native format. In the case of personal database (e.g., MS Access) files containing confidential or privileged information, the parties shall meet and confer to determine the appropriate form of production. In addition to producing the above file types in native format, the producing party shall produce a single-page TIFF slip sheet indicating that a native item was produced. The corresponding load file shall include NativeFileLink information for each native file that is produced.

Further, the parties agree to meet and confer prior to producing native file types other than MS PowerPoint, MS Excel, and multimedia audio/visual file types such as .wav, .mpeg and .avi. Prior to processing non-standard native files for production, the producing party shall disclose the file type to, and meet and confer with, the receiving party on a reasonably useable production format. The parties agree to meet and confer to the extent that there is data in database application files, such as SQL and SAP, to determine the best reasonable form of production of usable data. Through the pendency of this Litigation, the producing party shall exercise reasonable, good faith efforts to maintain all preserved and collected native files in a manner that does not materially alter or modify the file or the metadata.

C. **Requests for Other Native Files:** Each party reserves the right to request native files for Documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied. Such a request shall be made according to the following protocol: The requesting

11

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

party shall make any such request as soon as reasonably practical after receiving a Document production; the requesting party shall provide a list of Bates numbers of the Documents that it is requesting to be produced in native file format; within 15 days of receiving this request, the producing party will either (i) produce the requested native files to the extent reasonably practicable or (ii) respond in writing, setting forth its position on the production of the requested Documents. Thereafter, the parties shall confer in good faith regarding the production of the requested native files.

D.    **Technical Issues with ESI:** ESI that cannot be reviewed, produced and/or imaged because of technical issues will be produced with a slipsheet stating "Technical Issue." If the receiving party has any questions regarding the ESI flagged as "Technical Issues," the parties will meet and confer.

## IV.    DOCUMENT CULLING

A.    **Initial Culling Methodology:** The Parties will cooperate in good faith regarding the disclosure and formulation of appropriate culling methodologies, including search terms and/or technology assisted review/predictive coding, in advance of any efforts to narrow the pool of collected documents to a set to undergo review for possible production. The parties agree to meet and confer to discuss, *inter alia*: search methodology(ies) to be utilized (including but not limited to Boolean searches and technology assisted review/predictive coding); disclosure of search terms (to the extent used) based upon actual terminology used in the producing party's documents; and other search or culling parameters.

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

B.    **Responsibilities:** The parties will continue to meet and confer regarding any culling process issues as necessary and appropriate. Nothing in this protocol shall operate to limit a party's production obligations under applicable law, or limit the ability to agree to meet and confer to modify culling parameters as information is obtained and utilized in the course of the litigation.

V.    **ASSERTIONS OF PRIVILEGE**

A.    **Privilege Log Exclusions**: The Parties agree that the following categories of responsive documents or ESI need not be listed on a privilege log.

1.    Communications with Outside Counsel.  The Parties agree that no Party is required to list on a privilege log communications between a Party and its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or with respect to any information protected by Fed. R. Civ. P. 26(b)(4).

2.    Outside Counsel Work-Product. The Parties agree that no Party is required to list on a privilege log privileged materials or work product created or received by its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or with respect to any information protected by Fed. R. Civ. P. 26(b)(4). This provision extends to the attachments of privileged or work product emails.

3.    Communications with In-House Counsel. The parties agree that no Party is required to list on a privilege log communications between a Party and its in-house counsel concerning litigation matters. For the avoidance of doubt,

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

13

the inclusion of in-house counsel on emails addressing business matters, including discussions of warranty claims processing or assessments of potentially defective products, do not constitute "litigation matters" exempt from listing on privilege logs under this subparagraph. Upon request, the name of the in-house counsel excluded from the privilege log, the in-house counsel's job title, and a brief description of the excluded in-house counsel's role in the litigation matters corresponding to the time period of the unlogged communications will be provided to Requesting Counsel.

    **4.**    <u>Redacted Documents.</u>  Redacted documents need not be logged if: (1) the reason for the redaction and any other information that would otherwise appear on a log is noted on the face of the document; and (2) the bibliographic information (to, from, subject etc.) is not redacted.

**B.**    **Privilege Log Format:** Parties shall generate a listing of all withheld documents and ESI, subject to the exceptions outlined above in Section V(A), in electronic spreadsheet format in compliance with <u>Fed. R. Civ. P. 26(b)</u>/(5). The Parties agree that a metadata privilege log is also acceptable for logging privileged documents and ESI in this matter, in which case a privilege log only needs to provide objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted.

**VI.**    <u>**SPECIAL ESI ISSUES**</u>

    **A.**    **Hidden text:** ESI items processed after the execution date of this

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

14

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Production Stipulation and Order shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes and comments.

B. **Embedded Objects:** The Parties agree that embedded objects, including, but not limited to, logos, icons, emoticons, and footers, may be culled from a document set and need not be produced as separate documents by a Producing Party (e.g., such embedded objects will be produced within the document itself, rather than as separate attachments).

C. **Compressed Files:** Compression file types (i.e., .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

VII. **MISCELLANEOUS PROVISIONS**

A. **Objections Preserved:** Nothing in this protocol shall be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Except as provided expressly herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of documents and ESI.

B. **Modifications:** Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of documents or ESI.

C. **Production of Structured Data.** To the extent a response to discovery requires production of discoverable electronic

15

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

information contained in a database, in lieu of producing the database, the parties shall meet and confer to, with an understanding of which fields are relevant, agree upon a set of queries to be made for discoverable information and generate a report in a reasonably usable and exportable electronic file (e.g., Excel or CSV format) for review by the requesting party or counsel. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields.

**D.** **Inaccessible ESI:** If a producing party asserts that certain ESI is inaccessible or otherwise unnecessary under the circumstances, or if the requesting party asserts that, following production, certain ESI is not reasonably usable, the parties shall meet and confer with their respective technology experts to discuss resolving such assertions. If the parties cannot resolve any such disputes after such a meet and confer has taken place, the issue shall be presented to the Court for resolution.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 2, 2026                    PEIFFER WOLF CARR KANE CONWAY & WISE LLP

                                        By:    *Dan Centner*
                                               Brian J. Perkins
                                               Dan Centner
                                               *Attorneys for Plaintiffs*
                                               SHAWN CZERWIEN, GEORGE ATTIA, KAREN BUNKER & GEORGE ADAMS

16

Dated:  June 2, 2026          NELSON MULLINS RILEY & SCARBOROUGH LLP

By:    */s/Monee Takla Hanna*
       John Q. Lewis
       Monee Takla Hanna
       Rachel Byrnes
       *Attorneys for Defendant*
       DECKERS OUTDOOR CORPORATION
       d/b/a HOKA

**IT IS ORDERED** that the forgoing Agreement is approved.

DATED:  June 28, 2026        _____
                             HON. ANNA Y. PARK
                             United States Magistrate Judge

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

## APPENDIX A: ESI Metadata

| Field Name | Populated For (Email, Edoc, or All) | Field Description |
|---|---|---|
| Beg Bates | All | Beginning Bates number as stamped on the production image. |
| End Bates | All | Ending Bates number as stamped on the production image. |
| Beg Attach | All | First production Bates number of the first document of the family. |
| End Attach | All | Last production Bates number of the last document of the family. |
| Image Count | All | Number of images/pages for the document. |
| Production Volume | All | Production volume name. |
| Custodian | All | Custodian name. |
| Custodian All | All | All custodians who were in possession of a de-duplicated document family. |
| File Path | All | The directory structure of the original file. |
| MD5 Hash | All | The MD5 hash value. |
| File Name | All | File name of the edoc or email. |
| File Author | Edoc | Any value populated in the Author field of the document properties |
| File Extension | All | File extension of the document. |
| Email Subject | Email | Subject line of the email. |
| Email From | Email | The name and email address of the sender of the email. |
| Email To | Email | All recipients that were included on the "To" line of the email. |
| Email CC | Email | All recipients that were included on the "CC" line of the email. |
| Email BCC | Email | All recipients that were included on the "CC" line of the email. |
| DateTime Sent | Email | The Date and Time an email was sent |
| DateTime Received | Email | The Date and Time an email was received |
| DateTime Created | Edoc | The Date and Time the file was created |

1

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

| DateTime Last Modified | Edoc | The Date and Time the file was most recently modified (mm/dd/yyyy hh:mm) |
|---|---|---|
| Redacted | All | "Yes" if the document is redacted |
| Confidentiality | All | The confidentiality designation branded onto the image. |
| Text Link | All | The relative path to the document level text file. |
| Native Link | All | The relative path to an associated native file. |

STIPULATION REGARDING PRODUCTION OF ESI AND PAPER DOCUMENTS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i-), I hereby certify that all signatories have reviewed this document and concur in its content, and that all signatories authorize the filing of this document.

/s/ *Monee Takla Hanna*
Monee Takla Hanna

3
SIGNATURE ATTESTATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

/s/ *Monee Takla Hanna*
Monee Takla Hanna

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

4
CERTIFICATE OF SERVICE